IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TRENT TREPANIA,

                              Petitioner,

v.

LYNELLE J. MANNING and NICHOLE M. STROM,

                              Respondents.

OPINION and ORDER

21-cv-39-jdp

---

      Petitioner Trent Trepania is in custody at the Washburn County jail. He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, Dkt. 1, and he has been granted leave to proceed in forma pauperis, Dkt. 4. The next step is for me to conduct a preliminary review of his petition under Rule 4 of the Rules Governing Section 2254 Cases.

      Trepania was convicted of burglary in 2012 in Sawyer County case number 11CF171, with four other charges dismissed but read in.[1] He was released on extended supervision, but his extended supervision was revoked on December 18, 2020. Trepania challenges the revocation for three reasons: (1) his extended supervision was revoked in retaliation for his successful challenge to an earlier attempt at revocation; (2) he was punished multiple times for the same offense because while he was confined, he was placed in segregation for the same conduct that led to revocation; and (3) the order to detain him wasn't issued until more than two months after the conduct that led to revocation.

      A prisoner is required to exhaust any available state-court remedies before filing a petition in federal court under § 2254. 28 U.S.C. § 2254(b)(1)(A). To exhaust his state-court

---

[1] Records of Trepania's state-court proceedings are available at Wisconsin Circuit Court Access, https://wcca.wicourts.gov/case.html.

remedies, Trepania must present his claims through "at least one complete round of state-court review." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014). A "complete round of state-court review" means that Trepania must assert his claims "at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.*

Trepania says in his petition that he didn't attempt to appeal the revocation because he wasn't certain whether any such remedy was available. Dkt. 1, at 2. But a state-court remedy was available to Trepania. Under Wisconsin law, a probationer who has been accused of violating a condition of extended supervision is entitled to a hearing with the Department of Administration's Division of Hearings and Appeals before extended supervision is revoked. Wis. Stat. § 302.113(9)(ag), (am). If the probationer doesn't waive his hearing and the hearing results in revocation, the probationer may appeal the revocation order to a Wisconsin circuit court within 45 days. Wis. Stat. §§ 302.113(9)(g), 893.735(2); *see also Britton v. Mitchell*, No. 12-CV-757-JPS, 2012 WL 3279209, at *1–2 (E.D. Wis. Aug. 10, 2012) (explaining hearing and appeal process).

Trepania doesn't say in his petition whether he waived his right to a hearing before the Division of Hearing and Appeals, but either way, he hasn't exhausted his state-court remedies. If he had a hearing, then he had the right to appeal the revocation in state court, which he hasn't done. If he waived his right to a hearing, then he chose to forego his administrative and state-court remedies. *See Martinez v. Langford*, No. CV 16-00360-TJH, 2017 WL 4163289, at *3 (C.D. Cal. Jan. 11, 2017) ("Rather than requesting a [parole revocation] hearing and presenting his claim at the administrative level, petitioner accepted the expedited revocation proposal, and thereby waived his right to a hearing and an appeal" and thus "cannot now use a federal habeas petition to challenge the decision."). And if Trepania waived his right to a

2

hearing but wishes to challenge his waiver, such a claim must also be exhausted in state court. *See Brooke v. Warden, Carbon Cty. Corr. Facility*, No. 1:11-CV-0463, 2011 WL 1397600, at *3 (M.D. Pa. Apr. 13, 2011) ("[If petitioner] subsequently changed his mind about waiving his right to that preliminary hearing, he would be required to seek relief through his counsel in state court before filing a petition with this Court challenging his confinement.").

Because Trepania may still have remedies available to him in state court, I will dismiss his petition without prejudice. Trepania may file a new petition in this court under § 2254 only after he completes state-court review of each claim he wishes to pursue, up to and including the Wisconsin Supreme Court.

Under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But a dismissal without prejudice is not a final order, *Gacho v. Butler*, 792 F.3d 732, 733 (7th Cir. 2015), so no certificate of appealability is required.

ORDER

IT IS ORDERED that Trent Trepania's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED without prejudice to Trepania's refiling it after exhausting his state-court remedies.

Entered April 27, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge